IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROL C. WINTER,                )
        Plaintiff,              )
                                )
    v.                          )    Civil Action No. 03-1699
                                )
CYCAM/MEDSOURCE                 )
TECHNOLOGIES,                   )
        Defendant.              )

MEMORANDUM

Gary L. Lancaster,
District Judge.                                 July 14, 2005

This is an action in employment discrimination. Plaintiff claims that she was discriminated against in her employment due to her disability and age in violation of the Americans with Disabilities Act and the Age Discrimination in Employment Act. 42 U.S.C. § 12112, et seq. ("ADA") and 29 U.S.C. §§ 621, et seq. ("ADEA"), respectively. Before the court is defendant's motion for summary judgment [doc. no. 22]. Because plaintiff has failed to present any evidence from which a reasonable juror could find that the elements of a prima facia case of disability or age discrimination have been met, defendant's motion will be granted.

I.  BACKGROUND

Plaintiff filed this action on November 19, 2003.  She has proceeded at all times without the assistance of counsel.  The court has taken notice of that fact in ruling on various procedural and discovery motions, including the currently pending motion to strike or respond [doc. no. 30], which is dispensed with in the attached order.  Plaintiff's complaint, which consists only of a reference to the charges that she filed with the Equal Employment Opportunity Commission, alleges that she was discriminated against in the terms and conditions of her employment based on her age and her disability.[1]

Plaintiff was a visual inspector in the quality control department of Cycam/MedSource between August of 2000 and February of 2003, when she was discharged.  Although plaintiff was originally a good employee, that changed over time.  First, sometime in the spring of 2002 plaintiff began to have problems interacting with her co-workers.  She told her mangers that her co-workers were poisoning her by placing chemicals in the air ducts around her desk, and in her coffee.  Defendant conducted

---

[1] Plaintiff did not allege, until her pre-trial statement, that she was discriminated against on the basis of sex.  No such claim was made in plaintiff's charge with the EEOC.  No discovery was conducted on allegations of sexual harassment. It is too late for plaintiff to allege that she was discriminated against on the basis of sex.  Regardless, the additional allegation would not change our ultimate disposition of this case as plaintiff has provided no evidence that she was discharged or harassed due to her sex.

tests of the air ducts and found no evidence of contaminants. Defendant also provided plaintiff with a list of chemicals used in the plant for her to share with her doctor. Plaintiff refused to share the results of her medical testing for poisoning with defendant, claiming that the results were personal information.

Then, in August of 2002 defendant gave plaintiff a written warning due to her poor attendance. In the time period between January and August of 2002, plaintiff had missed either all, or part of, a day of work on 39 occasions, not including vacation days or holidays. After that warning, plaintiff's attendance did not improve. Between August 24, 2002 and February 27, 2003, plaintiff was absent on 52 occasions. Plaintiff was informed verbally and in writing that her attendance record was a serious problem.

Around the same time, the quality of plaintiff's work began to decline as well. In short, she started taking an inordinate amount of time to inspect parts, and was failing to inspect them properly. For instance, on one occasion she was reprimanded for marking entire batches of parts as defective without having examined them piece by piece. In January of 2003 defendant gave plaintiff a poor annual performance review. In February of 2003 defendant placed plaintiff on a performance improvement plan. Among plaintiff's goals under that plan were to improve performance, attendance, and co-worker interaction. Plaintiff's

AO 72A
(Rev.8/82)

job performance and attendance did not improve and she was terminated shortly thereafter, after refusing to sign a final written warning.

Plaintiff cannot dispute that the above events occurred, but instead contends that her absenteeism, poor job performance and/or inability to interact with co-workers were either caused by the threats and attempts on her life by her co-workers, or were part of a scheme by management to get rid of her due to her disability and/or age.

II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A dispute over those facts that might

affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. Id. at 248-49.

Although inferences must be drawn in favor of the non-moving party, "an inference based upon speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990). Similarly, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989) (citing Celotex v. Catrett, 477 U.S. 317, 325 (1986)); Lujan v. National Wildlife Fed., 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit").

5

The non-moving party has the burden of producing evidence to establish each element of her claim. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986). The non-movant must show more than "[t]he mere existence of a scintilla of evidence" for elements on which she bears the burden of production. Anderson, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citations omitted).

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law because no reasonable jury could return a verdict in her favor.

III. DISCUSSION

    A.   Disability Claim

In order to establish a prima facia case of disability discrimination, plaintiff must establish that she: (1) has a disability; (2) is a qualified individual; and (3) has suffered an adverse employment action because of her disability. Deane v. Pocono Med. Ctr., 142 F.3d 138, 142 (3d Cir. 1998). A disability

for purposes of the ADA is "a physical or mental impairment that substantially limits one or more of the [employee's] major life activities." 42 U.S.C. § 12102(2). "It is...an axiom of any ADA claim that the plaintiff be disabled and that the employer be aware of the disability." Jones v. United Parcel Service, 214 F.3d 402, 406 (3d Cir. 2000). Because plaintiff has not provided evidence sufficient to establish a prima facia case, defendant's motion for summary judgment will be granted.

Plaintiff has failed to present any evidence that she was suffering from a physical or mental impairment that substantially limited one or more of her major life activities at the time of her employment with defendant. In fact, at even this late stage in the litigation, we are not aware of exactly what disability plaintiff is claiming to have had at the time of her employment. The medical records that plaintiff has submitted refer generally to complaints related to, among others, tobacco abuse, wart removal, depression, and fatigue. However, none of the records indicate that plaintiff was receiving treatment for any particular condition. Nor is there any evidence that whatever health problems plaintiff did have limited her in a major life activity. Rather, the evidence is to the contrary -- throughout the relevant time period plaintiff continued to hold down her job. Plaintiff herself even states that although she felt victimized and terrorized, she was able to continue working. In

fact, plaintiff asserts that during this time period her performance at work improved, rather than deteriorated. There is no evidence from which a reasonable juror could find that plaintiff was suffering from a disability under the applicable legal standards.

However, even assuming that plaintiff could provide that she suffered from a disability, her claim would still fail because there is no evidence that defendant had any knowledge that plaintiff suffered from a disability and fired her because of it. To be sure, there is evidence that plaintiff went to visit her doctor when she thought that she was being poisoned by her co-workers, and that defendant knew that she did so. There is also evidence that plaintiff would sometimes provide defendant with an excuse indicating that she missed work because she had a doctor's appointment. Normally these excuses gave no reason for the doctor's visit. On the one occasion that a reason was given for the absence, the excuse stated that plaintiff had a wart removed from her hand. Plaintiff has now submitted evidence consisting of various doctor's notes and reports indicating that she sought treatment for a variety of medical issues while she was employed by defendant. It is undisputed that this information was not shared with defendant, as plaintiff considered her medical files and history to be "private".

Plaintiff never told defendant that she was seriously ill. To the contrary -- even after being formally disciplined for poor attendance, plaintiff did not tell her employer that she was being forced to miss work due to any particular medical condition. No reasonable juror could find, based on this evidence, that defendant knew that plaintiff was suffering from any physical or mental impairment that limited her ability perform major life activities. Without having known of such a condition, defendant could not have based its employment decision on it.

Because plaintiff cannot satisfy the basic elements of a prima facia case on her disability discrimination claim, summary judgment will be entered in favor of defendant.

B. Age Claim

In order to establish a prima facia case of age discrimination, plaintiff must prove that: (1) she was over forty years old; (2) she was qualified for the position; (3) she was terminated despite her qualifications; and (4) she was replaced by someone sufficiently younger to permit an inference of discrimination. Lawrence v. National Westminster Bank New Jersey, 98 F.3d 61, 65-66 (3d Cir. 1996). Although plaintiff meets the age requirements of the statute, plaintiff has failed to present any evidence, beyond her own speculation, from which

9

a reasonable juror could conclude that she was discriminated against due to her age.

Plaintiff was unable to meet the attendance and performance qualifications for the job. As detailed above, plaintiff had serious attendance and performance problems. Although plaintiff was warned and counseled about these issues, her attendance and performance did not improve. No reasonable juror could find, in the face of such undisputed evidence, that plaintiff, although failing to show up for work, and failing to perform her job correctly, was qualified for the position.

In addition, plaintiff cannot establish a  prima facia  case because she cannot prove that she was replaced by someone younger. We can find no evidence in plaintiff's summary judgment papers that indicates who plaintiff was replaced by, or his or her age. Although plaintiff alleges in her EEOC charge that four younger employees were treated better than she was, this allegation does not support an inference of discrimination. Plaintiff states that she is unable to indicate why or how these four individuals were allegedly treated better than her. However, regardless, defendant has provided evidence that indicates that these four employees were not treated any differently that plaintiff. Two of the employees had never been formally disciplined, one had only one performance incident in his file and one was actually fired for poor attendance after

10

receiving two warnings, much like plaintiff. Defendant has also presented evidence that other younger employees were disciplined in the same manner as plaintiff, and eventually terminated, for attendance records that were actually not as bad as plaintiff's. No reasonable juror could make an inference of age discrimination based on this evidence.

Plaintiff has failed to present any evidence that she was a qualified individual or that she was replaced by someone sufficiently younger to permit an inference of discrimination. Rather, the undisputed evidence establishes that plaintiff was treated in the same manner as younger employees who also had poor attendance records. Because plaintiff is unable to establish the elements of her prima facia case, summary judgment will be entered in favor of defendant on the age discrimination claim.

C.   Non-Discriminatory Reason

Although not necessary to our ruling because plaintiff has failed to present any evidence from which a reasonable juror could find that the elements of a prima facia disability or age discrimination case have been met, we also note that defendant has produced ample evidence supporting its legitimate non-discriminatory reason for firing plaintiff. There is undisputed documentation that plaintiff had serious attendance and performance issues. She was counseled on these issues, given

AO 72A (Rev.8/82)

written and verbal warnings, and eventually let go as a result of her failure to improve.

Plaintiff has failed to provide any evidence indicating that defendant's proffered reason is false, unworthy of belief, or otherwise a pretext. Her conclusory allegations that her former employer tells lies and that her former co-workers were "out to get her" are insufficient at this point in the litigation. In order to survive summary judgment, plaintiff must present some evidence to support her allegations. She has failed to do so.

IV.  CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment will be granted. An appropriate order follows.

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROL C. WINTER,            )
        Plaintiff,          )
                            )
    v.                      )   Civil Action No. 03-1699
                            )
CYCAM/MEDSOURCE             )
TECHNOLOGIES,               )
        Defendant.          )

ORDER

AND NOW, this 14th day of July, 2005, IT IS HEREBY ORDERED that defendant's motion to strike plaintiff's reply brief [doc. no. 30] is DENIED. Defendant's motion for leave to file a response to plaintiff's reply brief [doc. no. 30] is GRANTED. The court has read and considered defendant's response brief, which was attached to its motion as Exhibit A, in ruling on the motion for summary judgment.

IT IS FURTHER ORDERED that defendant's motion for summary judgment, is GRANTED. The Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, J.

cc: All Counsel of Record

AO 72A
(Rev.8/82)